FILED
2018 Sep-12  PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| SUNKEY PUBLISHING, INC., a corporation, | |
| SUN KEY PUBLISHING, LLC, a limited liability company, | |
| FANMAIL.COM, LLC., a limited liability company, | CIVIL ACTION NO.: 3:18-cv-1444-HNJ |
| WHEREDATA, LLC, a limited liability company, | |
| CHRISTOPHER UPP, individually and as an officer of SUNKEY PUBLISHING, INC., SUN KEY PUBLISHING, LLC, and WHEREDATA, LLC, | |
| MARK VAN DYKE, individually and as an officer of SUNKEY PUBLISHING, INC. AND SUN KEY PUBLISHING, LLC, | |
| LON BROLLIAR, individually and as an officer of FANMAIL.COM, LLC, and | |
| ANDREW DORMAN, individually and as an officer of FANMAIL.COM, LLC, | |
| Defendants. | |

1

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), filed its Complaint For Civil Penalties, Permanent Injunction And Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and 56(a)(1), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq.* Defendants have waived service of the summons and the Complaint. Plaintiff and Defendants stipulate to the entry of this Stipulated Final Order For Permanent Injunction And Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants violated Section 5 of the FTC Act, 15 U.S.C. § 45, and the Commission's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in its generation of education leads.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

2

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.      "**Covered Information**" means information from or about an individual consumer, including, but not limited to (a) first and last name; (b) a home or other physical address, including street name and name of city or town; (c) an email address or other online contact information, such as an instant messaging user identifier or a

4

screen name; (d) a telephone number; (e) a Social Security number; (f) a driver's license or other government-issued identification number; (g) a financial institution account number; (h) credit or debit card information; (i) precise geolocation data of an individual or mobile device, including but not limited to GPS-based, WiFi-based, or cell-based location information; or (j) an authentication credential, such as a username and password.

C.      "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

1.      "**Corporate Defendants**" means Fanmail.com, LLC, and its successors and assigns.

2.      "**Individual Defendants**" means Lon Brolliar, and Andrew Dorman.

D.   "**Established Business Relationship**" means a relationship between the Seller and a person based on: (a) the person's purchase, rental, or lease of the Seller's goods or services or a financial transaction between the person and Seller, within the eighteen (18) months immediately preceding the date of the Telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the Seller, within the three (3) months immediately preceding the date of a Telemarketing call.

E.      **"National Do Not Call Registry"** means the National Do Not Call Registry, which is the "do-not-call" registry maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

F.      **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

G.      "**Overlay**" means a content box that is displayed on top of a website page in a color and format that contrasts with that page; is positioned to be unavoidable and visible in its entirety without scrolling; and fills the majority of the visible page space.

H.      **"Relevant Branch"** means military branch to which the website pertains, e.g., "Army" or "Air Force."

I.      **"Representatives"** means Defendants' successors, assigns, officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

J.      **"Seller"** means any person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration whether or not such person is under the jurisdiction of the Commission.

K. **"Telemarketer**" means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

L. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call. The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the Seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation. For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item included in the same catalog which prompted the customer's call or in a substantially similar catalog.

M. **"Telemarketing Sales Rule**" or **"Rule"** means the Commission Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310, attached hereto as Appendix A or as may be hereafter amended.

N. **"Third-Party Lead Generation**" means (a) using marketing techniques to identify or attract prospective customers' interest in a third party's product or

service, (b) obtaining Covered Information of prospective customers for the third party's product or service, or (c) providing any such Covered Information of prospective customers to the third party.

## ORDER

## I.  PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Third-Party Lead Generation or promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.  That Defendants or any person who receives Covered Information collected by Defendants are, represent, are affiliated with, or are endorsed by the United States Department of Defense or its Military Departments, or any other branch or agency of the United States federal government;

B.  That the United States Department of Defense or its Military Departments or any other branch or agency of the United States government endorses or recommends a post-secondary school;

C.  The extent to which and the manner in which Defendants will collect, maintain, sell, transfer, share, or disclose Covered Information; and

D.  Any other fact material to consumers concerning military recruitment,

post-secondary education or military-related employment opportunities, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## II.   REQUIREMENTS RELATED TO THE COLLECTION OF COVERED INFORMATION FOR MILITARY RECRUITMENT

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.     In connection with promoting or offering for sale any good or service or displaying or linking to any promotion or offer for the sale of any good or service, on all pages of any website relating to the United States Armed Forces or the recruitment of any person into the United States Armed Forces, failing to disclose Clearly and Conspicuously, in a font size equal to or greater than the largest font size on the page, and in a manner that is visible without scrolling, the following:

"This is not the official recruiting website of the U.S. **[Relevant Branch]**. The site you are on is run by **[name of individual or entity operating the website the user is on**], a private company, and is not endorsed by or affiliated with the U.S. **[Relevant Branch]**."

*Provided however* that the portion of the above disclosure that reads "and is not endorsed by or affiliated with the U.S. [Military Department to which the website pertains]"

need not be made on a website through which Defendants are collecting Covered Information to fulfill a contract or subcontract for military recruitment services with the United States Department of Defense or any of its Military Departments, and the contract or subcontract expressly authorizes representing that the website is endorsed by and affiliated with the relevant U.S. Military Department.

   B. In connection with promoting or offering for sale any good or service or displaying or linking to any promotion or offer for the sale of any good or service, on any website that collects Covered Information relating to the recruitment of any person into the United States Armed Forces, failing to include an Overlay that appears over any website page on which consumers provide information, that contains only the following Clear and Conspicuous text and that requires consumers to affirmatively check each box next to each statement before allowing them to enter information: Check each box only if you understand the information provided.

☐ This is not the official recruiting website of the U.S. **[Relevant Branch].** It is run by **[name of corporate entity or individual operating the website]**, a private company.

☐ By submitting information here instead, I am submitting it to **[name of corporate entity or individual operating the website]** and not to the U.S. **[Relevant Branch]**.

C.     Selling, transferring, or disclosing any consumer's Covered Information collected in connection with the recruitment of any person into the United States Armed Forces for any purpose other than military recruitment.

## III.   PROHIBITION AGAINST THE SALE, TRANSFER, OR DISCLOSURE OF COVERED INFORMATION WITHOUT EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Defendants are permanently restrained and enjoined from selling, transferring, or disclosing any consumer's Covered Information collected in connection with Third-Party Lead Generation or promoting or offering for sale any good or service, whether directly or through an intermediary, without the consumer's express informed consent to the sale transfer, or disclosure.

## IV.   PROHIBITION AGAINST ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with Telemarketing, Defendants and their Representatives, whether acting as a Seller or Telemarketer, are hereby permanently restrained and enjoined from engaging in, causing other persons to engage in, or assisting and facilitating others engaging in, any of the following practices:

A.     Initiating any Outbound Telephone Call to any person at a telephone number on the National Do Not Call Registry unless the Seller or Telemarketer proves that:

1.     The Seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such

person's authorization that calls made by or on behalf of that Seller may be placed to that person, and shall include the telephone number to which the calls may be placed and the Signature of that person; or

       2.    The Seller has an Established Business Relationship with such person, and that person has not stated that he or she does not wish to receive Outbound Telephone Calls made by or on behalf of the Seller.

    B.    Initiating any Outbound Telephone Call to a person when that person has previously stated that he or she does not wish to receive an Outbound Telephone Call:

       1.    Made by or on behalf of the Seller whose goods or services are being offered; or

       2.    Made by or on behalf of the charitable organization for which a charitable contribution is being solicited.

    C.    Initiating any Outbound Telephone Call to a telephone number within a given area code unless the Seller, either directly or through another person, has paid the annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry, unless the Seller or Telemarketer can demonstrate that the Seller initiates, or causes the Telemarketer to initiate, calls that are solely:

       1.    Solicitations to induce charitable contributions;

2.      To a business;

3.      To persons who have given the Seller their express agreement, in writing and signed, to receive calls from the Seller; or

4.      To persons who have an Established Business Relationship with the Seller.

D.      Initiating any Outbound Telephone Call in which the Telemarketer fails to disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call:

1.      Defendants' identity;

2.      The identity of the Seller whose goods or services are being offered for sale or the charitable organization on behalf of which a request for a charitable contribution is being made;

3.      That the purpose of the call is to sell goods or services or solicit a charitable contribution; and

4.      If the purpose of the call is to sell goods or services, the nature of the goods or services.

E.      Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as Appendix A.

## V.    MONETARY JUDGMENT FOR CIVIL PENALTY

**IT IS FURTHER ORDERED THAT:**

A.    Judgment in the amount of One Million Dollars ($1,000,000) is entered in favor of Plaintiff against Individual Defendants and Corporate Defendants, jointly and severally, as a civil penalty.

B.    Defendants are ordered to transfer to the Commission all rights, title, and interest, in the following domain names: army.com and air-force.com. Such transfer must be made within 60 days of the entry of this Order by the Court.

C.    Upon the transfer of assets set forth in Subsection V.B, the judgment of $1 million is suspended, subject to the Subsections below.

D.    Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.    The Financial Statement of Individual Defendant Andrew Dorman signed on January 19, 2018, including the attachments;

2.    The Financial Statement of Individual Defendant Lon Brolliar signed on January 15, 2018, including the attachments; and

3.      the Financial Statement of Corporate Defendant Fanmail.com, LLC signed by Lon Brolliar, President and Chief Executive Officer of Fanmail.com, LLC on January 24, 2018, including the attachments.

E.      The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission or Plaintiff, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection V.A. above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VI.   ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VII.   DISPOSAL OF COVERED INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or

16

participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering any product or service are permanently restrained and enjoined from directly or indirectly:

A.    Disclosing, using, or benefitting from Covered Information that any Defendant obtained prior to entry of this Order; and

B.    Failing to destroy such Covered Information in all forms in their possession, custody, or control within 30 days after entry of this Order.

Provided, however, that Covered Information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.  NOTICE TO PURCHASERS OF COVERED INFORMATION

**IT IS FURTHER ORDERED** that within 30 days of entry of this Order, Defendants must notify all entities that have purchased or received, or have entered into any contract or arrangement with Defendants to purchase or receive, Covered Information from Defendants during the timeframe January 1, 2012, to date of entry of this Order by first-class mail, postage paid and return receipt requested or by courier service with signature proof of delivery, the notification letter attached hereto as Attachment A. The notification letter must be printed on Corporate Defendant's letterhead and Defendants must include with the notification letter a copy of this Order and the Complaint, but no other document or enclosure.

17

## IX.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    The Defendants, within 7 days of entry of this Order, must deliver a copy of this Order to the website hosts and domain name registrars of www.army.com and www.air-force.com.

C.    For 20 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

D.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.      COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.     Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such

Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. SunKey Publishing, Inc., et. al.

## XI.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.

Specifically, Corporate Defendants, in connection with the collection or sale of Covered Information or Telemarketing, and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

     A.     Accounting records showing the revenues from all goods or services sold;

     B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

     C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

     D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

     E.     A copy of each unique advertisement or other marketing material.

## XII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission or Plaintiff are authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning

Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this 12th day of September, 2018.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

[Insert date]

Dear [Fanmail] Customer,

This letter is to inform you that [Fanmail.com, LLC] recently settled a dispute with the Federal Trade Commission regarding [Fanmail]'s lead generation business. The FTC complaint alleged that we made deceptive representations to consumers in generating consumer leads. Under the terms of the settlement that we have agreed to, we cannot, among other things, misrepresent that (1) [Fanmail] is affiliated with, represents, or is endorsed by the U.S. military; (2) the U.S. military recommends or endorses a specific post-secondary school; or (3) the information that [Fanmail] has collected from consumers will be used only for military recruiting purposes.

Accordingly, we must instruct you to stop using, sharing, or transferring consumer information that you purchased, bought, or otherwise received from Fanmail prior to the date of this letter and to destroy any such data in your possession, custody, or control.

We have attached a copy of our settlement order with the Federal Trade Commission, as well as a copy of the complaint filed by the Federal Trade Commission.

Sincerely Yours,

[Insert Signature Block]